UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL V. PARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV 01-B-2801-NE |
| | ) | |
| PPG INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This case is presently pending before the court on defendant's Renewed Motion for Summary Judgment. (Doc. 16.)[1] Plaintiff Michael V. Parks has sued his former employer, defendant PPG Industries, Inc., alleging defendant breached certain agreements with defendant when defendant terminated him.[2] Upon consideration of the record, the submission of the parties, the arguments of counsel, and the relevant law, the court is of the

---

[1] Defendant originally filed a Motion for Summary Judgment or, in the Alternative, to Stay Proceedings. (Doc. 4.) The court denied the Motion for Summary Judgment but granted the Motion to Stay Proceeding until the Alabama Court of Civil Appeals ruled on plaintiff's appeal of the decision of the Circuit Court of Madison County, Alabama, denying plaintiff's claim for unemployment compensation benefits. (Doc. 11.)

Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2] Defendant removed this case from the Circuit Court of Madison County, Alabama, on the grounds that plaintiff's state-law claims for breach of contract were pre-empted by ERISA, and thus the court had federal question jurisdiction, and, in the alternative, that this court had diversity jurisdiction. (Doc. 1 at 1.)



opinion that defendant's Renewed Motion for Summary Judgment, (doc. 16), is due to be granted.

## I. SUMMARY JUDGMENT STANDARD

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party has met this burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and, therefore, evidence favoring the non-moving party is to be believed and all justifiable inferences are to be drawn in his favor. *See id.* at 255. Nevertheless, the non-moving party need not be given the benefit of every

inference but only of every **reasonable** inference. *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## II. STATEMENT OF FACTS

In his Complaint, plaintiff alleges that he and defendant "created a contract when Plaintiff fulfilled all conditions necessary to receive benefits under the salary continuance plan," and that "Defendant breached the contract by terminating [him]." (Doc. 1, Ex. A ¶¶ 8-9.) Plaintiff also alleges, "Defendant created a contract with Plaintiff through Defendant's disciplinary policy," and "Defendant breached the contract by terminating the Plaintiff without justification or cause . . . ." (*Id.* ¶¶ 11-12.)

Defendant argues that plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel based on the decision of the Circuit Court of Madison County, Alabama, which denied plaintiff's claims for unemployment benefits. The findings of the Madison County Circuit Court are binding on this court.[3] The Order of that court states as follows:

### ORDER

Pursuant to Alabama Code § 25-4-95, this unemployment compensation case came to be heard before this Court for a trial de novo on April 9, 2001,

---

[3]"The general principle announced in numerous cases is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified." *See United States v. Moser*, 266 U.S. 236, 241 (1924)(quoting *Southern Pacific R. R. Co. v. United States*, 168 U. S. 1, 48 (1897))).

3

and May 7, 2001, and, having conducted said trial with all parties being represented by counsel, this Court EXPRESSLY FINDS as follows:

## FINDINGS OF FACT

(1) Except for a brief layoff period, Claimant Michael Parks was employed by Defendant PPG Industries, Inc., from 1979 through September 30, 1999. During said employment, Claimant utilized PPG's Salary Continuance Program on numerous occasions. Briefly, the Salary Continuance Program is a short term disability benefit sponsored entirely by PPG whereby a disabled employee may obtain a portion or all of his regular compensation during the period he is unable to work because of the disability. The percentage of income which the disabled employee receives is based on the length of time the employee has been employed by PPG.

(2) To receive Salary Continuance benefits, the employee must submit evidence that he is disabled and under the care of a legally qualified physician for the period of the disability. In this regard, the employee signs a Verification of Disability form, and the employee's doctor signs a form called the Attending Physician Statement in which the doctor explains the employee's disability, provides an expected return to work date, if any is known, and enumerates any work restrictions (such as light duty) placed on the employee once he returns to work, if any such restrictions are imposed.

(3) On July 2, 1999, Claimant utilized the Salary Continuance Program for the thirteenth time during his employment with PPG, claiming that he was disabled because of an injury to his lower back. To obtain the benefit, Claimant represented to PPG that he was disabled and unable to work. Based on this representation, Claimant was paid his full salary during the period of his claimed disability, which lasted for almost three months. With the exception of a day or two during this time, Claimant did not perform any work for PPG.

(4) Although Claimant represented to PPG that he was disabled and unable to work, he admitted at trial and was seen performing physical work on improving his own house while he was on Salary Continuance which clearly demonstrated that he was able to work. In addition to other work activities, Claimant admitted and was seen climbing up and down scaffolding and ladders, siding his house, installing windows, and performing painting activities while on disability leave.

(5) *Claimant's demonstrated and admitted ability to perform these activities contradicts the representations he made to PPG regarding his ability to work.*

(6) After PPG obtained video and eye witness surveillance of Claimant performing physical work activities on his personal residence, he was questioned about these activities by PPG's human resources personnel and later by the general manager. However, in these meetings, Claimant denied performing physical work activities that were clearly shown to have been done by him on the video tape and which he admitted to performing at trial.

(7) *Claimant misrepresented to PPG that he was disabled.*

(8) Based on this misrepresentation, Claimant was paid his full salary and provided benefits for almost three months, an amount totaling more than $8,000; however, at this same time, he was performing significant physical work improving his personal residence.

(9) Additionally, in the investigatory meetings with PPG supervisors, Claimant represented to PPG that, while on disability leave, he had not performed work activities on his personal residence which he had in fact performed.

(10) *Claimant was terminated because of dishonest conduct which he [had] committed in connection with his work.*

## CONCLUSIONS OF LAW

Based on the evidence presented, the Court finds as a matter of law as follows:

(1) Claimant was an employee of PPG under Alabama Code § 25-4-7.

(2) Claimant's employment with PPG was terminated by PPG on September 30, 1999, because Claimant committed dishonest conduct in connection with his work.

(3) Claimant is totally disqualified from receiving unemployment benefits under Alabama Code § 25-4-78(3)a.

5

**JUDGMENT**

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that Claimant Michael Parks is totally disqualified from receiving unemployment compensation benefits under Alabama Code § 25-4-78(3)a for committing dishonest conduct in connection with his work for which he was terminated. Costs are taxed against Claimant Michael Parks, for which let execution issue.

(Doc. 16, Ex. A (emphasis added).)

The order of the Circuit Court of Madison County was affirmed by the Alabama Court of Civil Appeals, (*id.*, Ex. B), and the Supreme Court of Alabama denied plaintiff's petition for certiorari review, (*id.*, Ex. C).

### III. DISCUSSION

#### A. SUBJECT MATTER JURISDICTION

Plaintiff did not object to defendant's Notice of Removal of this action from the Alabama state court. Nevertheless, this court must determine whether it has subject matter jurisdiction before addressing the merits of the case, even if neither party questions the court's subject matter jurisdiction. *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

> As the Supreme Court long ago held in *Ex parte McCardle*, 74 U.S. (7 Wall.) 506 (1868), "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id.* at 514; *see also Wernick v. Mathews*, 524 F.2d 543, 545 (5th Cir.1975)("[W]e are not free to disregard the jurisdictional issue, for without jurisdiction we are powerless to consider the merits.").
>   A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest

      possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking. *See Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir.1985)(per curiam); *Wernick*, 524 F.2d at 545; *see also Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981)(per curiam)(holding that courts must constantly examine the basis of their jurisdiction before proceeding to the merits).

*Id.*, 168 F.3d at 410.

      Defendant removed this case on the grounds that this court has subject matter jurisdiction based either on the basis of diversity of citizenship between the parties and/or on a federal question. Plaintiff did not seek to remand his claims to state court or otherwise object to this court's subject matter jurisdiction.

      Defendant contends that plaintiff's claim based on an alleged breach of the salary continuance program is preempted by ERISA, as such claim seeks benefits from a qualified ERISA plan. (*See* doc. 1 at 2.) In *Stern v. IBM Corp.*, the Eleventh Circuit Court of Appeals held that a disability insurance plan, similar to the salary continuance program, was not a qualified employee welfare benefit plan, but rather it was a payroll practice specficially excluded from ERISA coverage. *Stern v. IBM Corp.*, 326 F.3d 1367, 1374 (11th Cir. 2003). The *Stern* court held, "Where, as here, an employer pays an employee's normal compensation for periods of mental or physical disability entirely from its general assets, the program constitutes an exempted payroll practice under 29 C.F.R. § 2510.3-1(b)[4] and not an

---

    [4]Section 2510.3-1(b) provides:

        (b) Payroll practices. For purposes of Title I of the Act and this chapter, the terms "employee welfare benefit plan" and "welfare plan" shall

ERISA plan." *Id.* (footnote added). This court notes that "normal compensation is the ***maximum*** compensation that may be paid while still falling within the (b)(2) payroll practices exception. Payments of less than full compensation still fall within this exception . . . ." *Havey v. Tenneco, Inc.*, No. 98-C-7137, 2000 WL 198445, *8 (N.D. Ill. Feb 11, 2000)(citations omitted, emphasis added).

The salary continuance program at issue in this case provides for "[c]ontinuation of [an employee's] full or half salary up to 12 months, paid according to a schedule based on [the employee's] years of continuous service." (Doc. 18, Ex. 2 at 1.) An employee is eligible for such benefits when the employee "become[s] disabled to the extent [he is] unable to perform the duties of [his] job." (*Id.* at 2.) The salary continuance program is funded "by general assets of PPG Industries, Inc." (*Id.* at 8.)

Based on the foregoing, the court finds that defendant's salary continuance program is excluded from ERISA coverage because the program is a payroll practice because defendant pays benefits on the basis of disability, equal to or less than employee's normal

---

not include –

. . .

    (2) Payment of an employee's normal compensation, out of the employer's general assets, on account of periods of time during which the employee is physically or mentally unable to perform his or her duties, or is otherwise absent for medical reasons (such as pregnancy, a physical examination or psychiatric treatment) . . . .

29 C.F.R. § 2510.3-1(b)(2).

8

compensation, from its general assets. Because the salary continuance program is excluded under ERISA, this court does not have jurisdiction based on a federal question subject matter jurisdiction.

However, the court finds that it has subject matter jurisdiction based on complete diversity of the parties. The general removal statute permits a defendant to remove from state court to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002)(citation omitted). In the instant case, defendant contends that this court has original jurisdiction over the action based on diversity of citizenship. (*See* doc. 1 at 2.) The requirements of diversity jurisdiction are, first, complete diversity of state citizenship between the plaintiffs and all defendants, and, second, an amount in controversy that "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. §1332(a)(1).

Plaintiff is a citizen of Alabama. (Doc. 1 ¶ 48.) Defendant is a Pennsylvania corporation with its principal place of business in Pennsylvania. (*Id.* ¶ 47 and Ex. B ¶ 3.) Therefore, there is complete diversity of state citizenship between defendant and plaintiff. Also, defendant calculates plaintiff's lost wages and benefits from the date of his termination until October 31, 2001[5] are $85,689.94. (Doc. 1 ¶ 50.) Plaintiff did not object to either

---

[5]Defendant's Notice of Removal was filed on November 2, 2001. (Doc. 1.)

defendant's assertion of complete diversity of citizenship or its calculation of his lost wages and benefits.

Therefore, the court finds that it has subject matter jurisdiction to determine plaintiff's claims based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

## B. ISSUE PRECLUSION

Defendant contends that plaintiff's claims are due to be dismissed on the ground that his claims are barred by the doctrine of issue preclusion based on the decision of the Circuit Court of Madison County, Alabama.[6]

In this Circuit –

> Collateral estoppel, or "issue preclusion," applies when a judgment "[forecloses] relitigation of a matter that has been litigated and decided." *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984). "[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94(1980); *Precision Air Parts, Inc. v. Avco Corp.*, 736 F.2d 1499, 1501 (11th Cir. 1984). Issues actually litigated in a state court proceeding are entitled to the same preclusive effect in a subsequent federal suit. *Migra*, 465 U.S. at 83.

*Mike Smith Pontiac, GMC, Inc. v. Mercedes-Benz of North America, Inc.*, 32 F.3d 528, 532 (11th Cir. 1994), *cert. denied* 516 U.S. 1044 (1996).

---

[6]Defendant also contends that plaintiff's claims are barred by the doctrine of *res judicata*. Because the court finds that plaintiff's claims are barred by the doctrine of issue preclusion, discussion of whether plaintiff's claims are also barred by the doctrine of *res judicata* is pretermitted.

10

Under Alabama law, the "[r]equirements for collateral estoppel to operate are (1) [an] issue identical to one involved in previous suit; (2) [an] issue actually litigated in prior action; and (3) resolution of the issue was necessary to the prior judgment. If these elements are present, the prior judgment is conclusive as to those issues actually determined in the prior suit." *Wheeler v. First Alabama Bank*, 364 So. 2d 1190, 1199 (Ala. 1978)(internal citation omitted).[7]

Plaintiff alleges that his termination constituted a breach of the salary continuance program and defendant's disciplinary policy. Under Alabama law, "[t]he elements of a breach-of-contract claim are: (1) the existence of a valid contract binding upon the parties in the action, (2) the plaintiff's own performance; (3) the defendant's nonperformance, or breach, and (4) damage." *Armstrong Business Services, Inc. v. AmSouth Bank*, 817 So. 2d 665, 673 (Ala. 2001)(citing *Employees' Benefit Ass'n v. Grissett*, 732 So. 2d 968, 975 (Ala. 1998)).

The facts established by the order of the Circuit Court of Madison County, Alabama, are that plaintiff misrepresented that he was disabled, that he received benefits under the

---

[7]"State law governs whether a state court judgment bars a subsequent federal diversity action under the doctrine of collateral estoppel." *Mike Smith Pontiac, GMC, Inc.*, 32 F.3d at 532 (citations omitted). However, the requirements for collateral estoppel in this Circuit and in Alabama are essentially the same. *See id.* ("This circuit has previously established three prerequisites to the application of collateral estoppel: (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier action.")(citations omitted).

salary continuance program based on this misrepresentation, and that defendant terminated him because of his misrepresentation; these issues of fact were actually litigated in the Madison County Circuit Court. The resolution of these fact issues was necessary to that court's determination that plaintiff was disqualified from receiving unemployment compensation because he had committed dishonest conduct in connection with his work. *See Wal-Mart Stores, Inc. v. Smitherman*, 743 So. 2d 442, 447 (Ala. 1999)("The appeals referee's finding regarding the reason for [plaintiff's] discharge was necessary to the determination of whether [plaintiff] was entitled to unemployment-compensation benefits."). Also, these issues of fact are identical to the issues of fact necessary to determining whether plaintiff performed and/or whether defendant breached the terms of the salary continuance program or the disciplinary policy.

For the reasons set forth below, the court finds that plaintiff is estopped from relitigating the issues of fact determined by the Madison County Circuit Court.

### C. PLAINTIFF'S BREACH OF CONTRACT CLAIMS

#### 1. Failure to Pay Disability Benefits Provided by the Salary Continuance Program

Plaintiff cannot prove he was entitled to disability benefits from the salary continuance program because the court must accept as true the fact that plaintiff was terminated because he "misrepresented to [defendant] that he was disabled." *See* doc. 16, Ex. A at ¶ 7; *see also id.* ¶ 5 ("Claimant's demonstrated and admitted ability to perform these activities contradicts the representation he made to PPG regarding his ability to work.")

12

Because plaintiff is estopped from establishing that he was actually disabled and because entitlement to benefits under the salary continuance program requires that plaintiff be disabled, plaintiff cannot establish his entitlement to disability benefits under the salary continuance program.

Based on the foregoing, the court finds that defendant is entitled to summary judgment on plaintiff's claim based on defendant's alleged breach of the salary continuance program.

### 2. Termination in Violation of Defendant's Disciplinary Policy

Plaintiff's Complaint also alleges that defendant breached an alleged employment contract between plaintiff and defendant created by defendant's disciplinary policy. (Doc. 1, Ex. A ¶¶ 11-12.) The Circuit Court of Madison County found that plaintiff had misrepresented that he was disabled and that defendant had terminated plaintiff based on his misrepresentation that he was disabled; these facts are controlling in this action. Plaintiff has presented no evidence or argument that defendant's termination of plaintiff's employment based on his misrepresentation that he was disabled constituted a breach of the alleged disciplinary policy.

Therefore, the court finds that defendant is entitled to judgment as a matter of law on plaintiff's breach-of-contract claim based on defendant's disciplinary policy.

### CONCLUSION

For the foregoing reasons, the court is of the opinion that there are no material facts in dispute and defendant is entitled to judgment as a matter of law. An order granting

defendant's motion for summary judgment will be entered contemporaneously with this Memorandum Opinion.

    **DONE** this  22nd  day of March, 2004.

                                                         */s/ Sharon Lovelace Blackburn*
                                                         **SHARON LOVELACE BLACKBURN**
                                                         United States District Judge